UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Superior Industries, L.L.C.,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　ORDER
　　　　　　　　　　　　　　　　　　　　Civ. No. 10-2524 (MJD/LIB)

Thor Global Enterprises Ltd.,

    Defendant.
_____

    John M Weyrauch, Paul P. Kempf and Peter R. Forrest, Dicke, Billig & Czaja, PLLC, Counsel for Plaintiff.

    Gregory S. Madsen and Charles E. Long, Kennedy & Graven, Chartered and Christopher T. Holland and Matthew T. Peters, Krieg, Keller, Sloan, Reilley & Roman LLP, Counsel for Defendant.
_____

    This matter is before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.**　　**INTRODUCTION**

    Plaintiff Superior Industries, L.L.C. ("Superior") filed this action in June 2010 against Defendant Thor Global Enterprises Ltd. ("Thor") alleging two counts of patent infringement. Superior is the exclusive owner by assignment of U.S. Patent Nos. 7,470,101 (the '101 patent) and 7,618,231 (the '231 patent), copies

1

of which have been filed with the Complaint.

The '101 patent covers a "Braced Telescoping Support Strut and System" that is used to support a conveyor assembly for a portable conveyor system. (Compl. Ex. A.) Superior alleges that Thor is directly infringing this patent by actively inducing others to infringe and/or contributing to the infringement by its unauthorized making, using, offering to sell, selling and/or importing a telescoping conveyor having an undercarriage. (Comp. ¶ 12.) In support of this allegation, Superior has attached to the Complaint a patent application, filed by Thor, for an "Undercarriage for a Telescopic Frame." (Compl. Ex. C.)

The '231 patent also covers a "Braced Telescoping Support Strut and System" for use in supporting a conveyor assembly of a portable conveyor system. (Comp. Ex. B.) Superior alleges that Thor is infringing the '231 patent, and refers to Thor's patent application in support. (Comp. ¶ 16.)

In lieu of an Answer, Thor has filed the instant motion to dismiss.

## II. STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. In reviewing a motion to dismiss, the

Court takes all facts alleged in the complaint to be true. Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (citations omitted).

In moving to dismiss these allegations, ELCA argues that the Court can consider "the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint." Bd. of Public Works, City of Blue Earth, Minn. v. Wis. Power & Light Co., 613 F. Supp.2d 1122, 1126 (D. Minn. 2008).

## III. ANALYSIS

### A. Failure to State a Claim under Rule 12(b)(6)

Thor argues that Superior has failed to state a claim for patent infringement because Superior relies solely on a patent application to support the allegations that Thor is making and selling an infringing product. The law is well settled that the essence of patent law is the right to exclude others from making,

selling or using a patented product. Dawson Chem. v. Rohm & Haas, 448 U.S. 176, 215 (1980). There is no requirement that a patent applicant make, use or sell the invention sought to be patented. King Instruments v. Perego, 65 F.3d 941 (Fed. Cir. 1995). Thus, the fact that Thor has an outstanding patent application is not enough to support allegations that Thor is making, using or selling a product covered by the patent application. Thor asserts that other courts have found that reliance on a patent application itself to allege infringement is insufficient. See, e.g., GAF Bldg Materials v. Elk Corp. of Dallas, 90 F.3d 479 (Fed. Cir. 1999); Foboha v. Gram Tech., 2008 WL 4619795, at *7 (N.D. Ill. Oct. 15, 2008). Thor asserts that without allegations that certain products sold by Thor infringe the patents in suit, this action is premature because the PTO has yet to determine the metes and bounds of Thor's patent application.

  The Court agrees that the Complaint does not allege sufficient facts to put Thor on notice of the product it makes, uses or sells that infringes the identified patents. Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Doc. No. 3] is GRANTED as follows:  Plaintiff shall file an Amended Complaint within thirty (30) days of the date of this Order.  Failure to file an Amended Complaint will result in the dismissal of this action with prejudice.

Date: February 11, 2011

                                            s/ Michael J. Davis
                                            Michael J. Davis
                                            Chief Judge
                                            United States District Court

Civil No. 10-2524 (MJD/LIB)