UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **SUPERIOR INDUSTRIES, LLC,** | ) |
| Plaintiff, | ) Civil No. 10-cv-02524-MJD-LIB |
| v. | ) AMENDED COMPLAINT |
| **THOR GLOBAL ENTERPRISES LTD.** | ) JURY TRIAL REQUESTED |
| Defendant. | ) |

Plaintiff, Superior Industries, LLC ("Superior"), for its Amended Complaint against defendant Thor Global Enterprises Ltd. ("Thor") states and alleges as follows:

## PARTIES

1. Plaintiff Superior is a Minnesota Limited Liability Company having a place of business at 315 East State Highway 28, Morris, Minnesota 56267.

2. Defendant Thor is a Canadian company having a place of business at 839 Westport Crescent, Mississauga, Ontario, Canada L5T 1E7.

## JURISDICTION AND VENUE

3. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. and specifically 35 U.S.C. § 271.

4. This Court has subject matter jurisdiction under 28 U.S.C. 1331 and 1338(a).

5. This Court has personal jurisdiction over defendant because Superior's claims arise from activity by Thor in this jurisdiction about which Superior complains and because Thor conducts business in this jurisdiction.

6. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## PRELIMINARY ALLEGATIONS

7. Superior is a well-known manufacturer and seller of bulk material conveying equipment used in transporting and stockpiling rock, sand, grain, or other aggregate material. Superior sells its conveying equipment throughout the United States, Canada and worldwide.

8. Prior to October 2006, Superior invented an improved undercarriage system for a portable conveyor. Generally, the undercarriage system is comprised of telescoping support strut that is connected between a base frame and a belt conveyor system to elevate the discharge end of the belt conveyor system thereby enabling the creation of a higher aggregate stockpile and a larger volume of stockpiled material. Superior's improved undercarriage system generally includes an upper strut section with two parallel beams and support bracing between the two beams, and a lower strut section with two parallel channel beams with support bracing between the two beams. The beams of upper strut section fit and slide within the channel beams of the lower strut section, with one end of the upper strut section connected to the belt conveyor system. Two hydraulic cylinders extend the upper strut section relative to the lower strut section and thereby raise the discharge end of the belt conveyor system. The bracing on both the upper strut section and the lower strut section improved the stability and rigidity of the support strut system and improved the performance of the hydraulic cylinders by balancing the hydraulic pressure between the two cylinders as they extend and raise the upper strut section.

9. On December 30, 2008, United States Patent No. 7,470,101 entitled "Braced Telescoping Support Strut and System" (hereinafter "the '101 Patent") was duly and legally issued. Superior is the exclusive owner by assignment of the '101 Patent. A true and correct copy of the '101 Patent is attached hereto as Exhibit A.

10. On November 17, 2009, United States Patent No. 7,618,231 entitled "Braced Telescoping Support Strut and System" (hereinafter "the '231 Patent") was duly and legally issued. Superior is the exclusive owner by assignment of the '231 Patent. A true and correct copy of the '231 Patent is attached hereto as Exhibit B.

11. Superior manufactures, markets, and sells products that are made under the '101 and the '231 Patents.

12. On or about October 1, 2007, Thor began advertising in the United States an undercarriage system for a portable conveyor, which Thor identified as a "Patent-Pending FB Undercarriage Technology" (the "Thor Undercarriage Technology"). Attached hereto as Exhibits C and D are two copies of Thor's press releases for the Thor Undercarriage Technology.

13. Thor also alleged that at least as early as October 1, 2007, it began distributing point-of-sale displays for Thor "FB" Undercarriage Technology to numerous established dealers and sales contacts throughout the United States. Attached hereto as Exhibit E is a copy of a letter from Thor's U.S. attorney dated July 1, 2009 with a copy of the point-of-sale display Thor allegedly distributed throughout the United States.

14. On August 4, 2009, Superior initiated an action for trademark infringement to address Thor's unauthorized use of Superior's U.S. Trademark Registered mark "FB" in connection with Thor's promotion and advertising of its undercarriage technology. In paragraph 11 of Thor's Answer to Superior's trademark infringement Complaint, Thor asserted that "on October 1, 2007, through mass email, it distributed two (2) separate press releases disclosing Thor Global's new bulk material handling conveyors incorporating its patent-pending 'FB' (fully braced) undercarriage system to a number of industry-relevant trade publications in the United States, and also simultaneously distributed a sales offering for its new bulk material handling

conveyors having the patent-pending "FB (fully braced) undercarriage system to numerous customers, dealers and distributors throughout the United States …." Thor also admitted in paragraph 11 that the undercarriage system shown and described in Thor's October 1, 2007 press release is the subject of U.S. Patent Application Serial No. 776714, filed July 12, 2007, a copy of which is attached hereto as Exhibit F. In paragraph 16 of its Answer, Thor further admitted that it made use of the mark "FB" in connection with "multiple sales offerings to customers, dealers and distributors in the United States [for conveyor systems and/or related undercarriage systems], and sold such goods into commerce in the United States." Attached hereto as Exhibit G is a true and correct copy of Thor's Answer and Counterclaim from the prior trademark infringement action. The trademark infringement action resulted in a Consent Judgment permanently enjoining Thor from further use of "FB" in connection with the promotion, marketing, or sale of goods relating to Thor's undercarriage assemblies and or portable conveyors. Attached hereto as Exhibit H is a copy of the Consent Judgment from the prior trademark infringement action.

15. Subsequent communications in April and May 2010 by and between Superior and Thor to confirm whether Thor was selling, offering for sale and/or importing Thor Undercarriage Technology into the United States were met with evasive responses and conclusory opinions from Thor that the Thor Undercarriage Technology did not infringe Superior's patents.

## COUNT I FOR INFRINGEMENT OF U.S. PATENT NO. 7,470,101

16. Superior repeats and incorporates paragraphs 1-15 herein.

17. Thor has been and is directly infringing, actively inducing others to infringe and/or contributing to the infringement of one or more claims of the '101 Patent by its

unauthorized making, using, offering to sell, selling and/or importing a telescoping conveyor having the Thor Undercarriage Technology in and/or to the United States.

18. On information and belief, Thor's infringement of the '101 Patent has been and continues to be willful.

19. Superior has suffered and will continue to suffer monetary damages as a result of Thor's infringement of the '101 Patent in an amount to be determined at trial.

20. Superior has suffered and will continue to suffer irreparable harm by Thor's infringement of the '101 Patent unless Thor is enjoined from infringing the '101 Patent.

## COUNT II FOR INFRINGEMENT OF U.S. PATENT NO. 7,618,231

21. Superior repeats and incorporates paragraphs 1-20 herein.

22. Thor has been and is directly infringing, actively inducing others to infringe and/or contributing to the infringement of one or more claims of the '231 Patent by its unauthorized making, using, offering to sell, selling and/or importing a telescoping conveyor having the Thor Undercarriage Technology in and/or to the United States.

23. On information and belief, Thor's infringement of the '231 Patent has been and continues to be willful.

24. Superior has suffered and will continue to suffer monetary damages as a result of Thor's infringement of the '231 Patent in an amount to be determined at trial.

25. Superior has suffered and will continue to suffer irreparable harm by Thor's infringement of the '231 Patent unless Thor is enjoined from infringing the '231 Patent.

## REQUEST FOR JURY TRIAL

26. Superior requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Superior prays for a judgment:

A.     That Thor has infringed the '101 and the '231 Patents;

B.     That Thor and its subsidiaries, parents, officers, directors, agents, servants, employees, agents, affiliates, attorneys, and all other persons in active concert or participation with Thor be enjoined from making, using, selling, offering to sell, and importing products covered by the '101 and the '231 Patents, and from inducing and/or contributing to the infringement of the '101 and the '231 Patents;

C.     Awarding Superior its lost profits and/or a reasonable royalty in an amount to be proved at trial pursuant to 35 U.S.C. § 284, including pre-judgment and post-judgment interest;

D.     That Thor's infringement has been willful and awarding enhanced damages pursuant to 35 U.S.C. § 284;

E.     That this action is an exceptional case and awarding Superior its costs, disbursements and attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

F.     Awarding Superior such other relief as the Court deems just and equitable.

DICKE, BILLIG & CZAJA, PLLC

Dated: March 14, 2011          By: s/John M. Weyrauch
                                     John M. Weyrauch (221,879)
                                     Paul P. Kempf (239,215)
                                     Peter R. Forrest (193,082)
                                     100 South Fifth Street, Suite 2250
                                     Minneapolis, MN 55402
                                     Telephone: (612) 767-2512
                                     Facsimile: (612) 573-2005

ATTORNEYS FOR PLAINTIFF