UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Superior Industries, L.L.C.,

      Plaintiff,

v.

Thor Global Enterprises Ltd.,

      Defendant.

MEMORANDUM OPINION
AND ORDER
Civ. No. 10-2524 (MJD/LIB)

_____

John M Weyrauch, Paul P. Kempf and Peter R. Forrest, Dicke, Billig & Czaja, PLLC, Counsel for Plaintiff.

Gregory S. Madsen and Charles E. Long, Kennedy & Graven, Chartered and Christopher T. Holland and Matthew T. Peters, Krieg, Keller, Sloan, Reilley & Roman LLP, Counsel for Defendant.

_____

This matter is before the Court on Defendant's Motion to Dismiss the Amended Complaint on the grounds that it is barred by res judicata, and pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.      **INTRODUCTION**

Plaintiff Superior Industries, L.L.C. ("Superior") filed this action in June 2010 against Defendant Thor Global Enterprises Ltd. ("Thor") alleging two counts of patent infringement. Superior is the exclusive owner by assignment of

U.S. Patent No. 7,470,101 (the '101 patent) and U.S. Patent No. 7,618,231 (the '231

patent), copies of which have been filed with the Amended Complaint.  Both of

these patents cover a "Braced Telescoping Support Strut and System" that is used

to support a conveyor assembly for a portable conveyor system.  (Am. Comp.,

Exs. A and B.)   In support of its allegations that Thor has infringed the '101 and

the '231 patents, Superior has attached to the Amended Complaint a patent

application, filed by Thor, for an "Undercarriage for a Telescopic Frame."  (Am.

Compl. Ex. F.)

Thor previously moved to dismiss the original complaint.  In support of

that motion, Thor argued that dismissal was warranted because Superior had

failed to state a claim of patent infringement; was seeking double recovery for

damages based on Superior's Canadian lawsuit; and because this action is barred

under the doctrine of res judicata.  This Court granted Thor's motion to dismiss

solely on the basis that Superior had failed to allege sufficient facts to put Thor on

notice of the product it makes, sells or uses that is allegedly infringing the

identified patents.  Superior was allowed thirty days to file an amended

complaint.  Superior timely submitted an Amended Complaint, and Thor now

moves to dismiss the Amended Complaint with prejudice.

In the Amended Complaint, Superior included additional factual allegations found in paragraphs 12 - 15.  Superior alleges that in October 2007, Thor began advertising an undercarriage system for a portable conveyor identified as a "Patent-Pending FB Undercarriage Technology."  (Am. Comp. ¶ 12, Ex.s C and D.)  Exhibits C and D are press releases issued by Thor, announcing its fully braced undercarriage technology, and which specifically identify the products as the ThorStack2™ series, and which include product numbers, such as the T150-20.  Superior alleges that at that time, Thor also began distributing point-of-sale displays for Thor's FB undercarriage technology to numerous dealers throughout the U.S.  (Am. Comp. ¶ 13; Ex. E.)

Superior also alleges that on August 4, 2009, it initiated a trademark infringement action to address Thor's unauthorized use of Superior's U.S. Trademark "FB" in connection with Thor's promotion and advertising of its FB undercarriage technology.  (Am. Comp. ¶ 14.)  Superior alleges that Thor admitted in its Answer in the prior action to sending mass emails in October 2007 by which it distributed two press releases disclosing Thor's new bulk material handling conveyors incorporating its patent-pending FB undercarriage system, and a sales offering for such product.  (Id.)  Superior further alleges that Thor

admitted that the undercarriage system shown in the press releases is the subject

of U.S. Patent Application Serial No. 776714.  (Id., Ex. F.)  Superior alleges the

trademark infringement action resulted in a Consent Judgment permanently

enjoining Thor from using the "FB" in connection with promotions, marketing or

sale of goods relating to Thor's undercarriage system.  (Id., Ex. H.)

In communications taking place in April and May 2010, to determine

whether Thor was selling, offering for sale and/or importing Thor's

undercarriage technology in the U.S., Superior alleges it received evasive

responses and conclusory opinions as to whether such technology infringed

Superior's patents.  (Am. Comp.  ¶ 15.)  Thereafter, Superior filed this action.

## II.     RES JUDICATA

Thor asserts that the Amended Complaint conclusively demonstrates that

res judicata bars Superior from pursuing any of its patents claims in this action.

Under the doctrine of res judicata, also known as claim preclusion, a party is

barred from bringing "repetitive suits involving the same cause of action."

Lundquist v. Rice Mem'l Hosp., 238 F.3d 975, 977 (8th Cir. 2001) (citation

omitted).  "Final judgment on the merits of an action precludes the same parties

from relitigating issues that were or could have been raised in that action."  Id.

4

(citation omitted).

Where a federal court with federal question jurisdiction enters the original judgment, the reviewing court applies federal common law to determine the preclusive effect of that judgment.  Poe v. John Deere Co., 695 F.2d 1103, 1105 (8th Cir. 1982).  Here, the Court applies federal common law in order to determine the preclusive effect of this Court's prior judgment in the trademark infringement action.

To determine if res judicata applies the Court must decide: "(1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the prior judgment was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases."  Banks v. Int'l Union Elec., Elec., Technical, Salaried & Machine Workers, 390 F.3d 1049, 1052 (8th Cir. 2004) (citation omitted).  "[A] claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim."  Id. (citation omitted).  "Furthermore, the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect."  Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998) (citation omitted).  In addition,

"[i]t is well settled that claim preclusion does not apply to claims that did not arise until after the first suit was filed." <u>Baker Group, L.C. v. Burlington Northern and Santa Fe Railway Co.</u>, 228 F.3d 883, 886 (8th Cir. 2000).

As an initial matter, Superior argues that the issue of whether this action is barred under the doctrine of res judicata had already been raised in Thor's first motion to dismiss. Because the Court granted the motion to dismiss on the basis that the Complaint was not sufficiently plead, Superior argues that the Court also implicitly rejected the res judicata argument. Accordingly, based on the law of the case doctrine, Superior asserts that this argument has already been rejected and Thor cannot raise it again. <u>See Hammann v. 1-800-Ideas.com, Inc.</u>, 455 F. Supp.2d 942, 956 (D. Minn. 2006) (citing <u>Mosley v. City of Northwoods, MO</u>, 415 F.3d 908 (8th Cir. 2005)).

Superior is mistaken. The Court did not rule on Thor's res judicata argument in its prior order. Instead, the Court dismissed the Complaint without prejudice, giving Superior leave to file an amended complaint to add necessary factual allegations to support its claims. Law of the case arises only where the Court necessarily had to consider the issue in question. Here, the Court did not need to rule on the res judicata issue in order to determine that the original

complaint was insufficiently pled.  See Toro v. White, Civ. No. 94-656

(DWF/AJB), 2003 WL 21147769 (D. Minn. May 14, 2003).   Furthermore, because

Superior filed the Amended Complaint, Thor was free to raise any procedural

and substantive challenges to such pleading.  In re Atlas Van Lines, Inc., 209 F.3d

1064, 1067 (8th Cir. 2000).  Accordingly, law of the case does not prevent this

Court from reaching the merits of the res judicata argument.

### A.    Court of Competent Jurisdiction

This Court had proper federal question jurisdiction in the prior trademark

infringement action.

### B.    Final Judgment on the Merits

Final judgment on the merits in the trademark action, Civil No. 09-2035

(RHK/RLE), was entered by Consent Judgment on April 7, 2010.

### C.    Same Cause of Action and Same Parties

There is no dispute that both actions involve the same parties.  With

respect to whether both cases involve the "same cause of action" the Court must

determine whether both actions arise from the same nucleus of operative facts.

Lane v. Peterson, 899 F.2d 737, 742 (8th Cir. 1990).  Whether two claims arise from

the same nucleus of operative facts may depend on whether they derive from the

same transaction or series of transactions.  <u>Id.</u>  The Court should consider

whether the facts are related in time, space, origin or motivation, whether they

form a convenient trial unit and whether their treatment as a unit conforms to the

parties' expectations or business understanding or usage.  <u>Id.</u>

In the prior action, Superior asserted it had invented an undercarriage

system for a portable conveyor, comprised of a telescoping support strut that is

connected between a base frame and a belt conveyor system to elevate the

discharge end of the belt conveyor system, which enables the create of a higher

aggregate stockpile and a larger volume of stockpiled material.  (Civil No. 09-

2035, Complaint ¶ 8.)  Superior further alleged that it had obtained a patent for

this technology, U.S. Patent No. 7,284,947 (the '947 patent).  (<u>Id.</u> ¶ 9.)  Superior

alleged that it had also obtained trademark rights for the mark "FB" which

describes the "fully-braced" aspect of its invention.  (<u>Id.</u>, ¶ 14.)  Despite its

reference to the '947 patent, the only claims asserted in the prior action were

based on Superior's trademark rights.  (<u>Id.</u> ¶¶ 24-31.)

In support of its trademark claims, Superior alleged that it learned that

Thor had issued press releases in October 2007 announcing Thor's conveyor

system, which included the mark "FB".  (<u>Id.</u> ¶ 11.)  Superior further based its

8

claims on allegations that Thor was advertising its conveyor system as a "Patent Pending FB Undercarriage."  (Id. ¶ 15.)

In the present action, Superior has asserted two claims of patent infringement.  The patents at issue cover "Braced Telescoping Support Strut and System" for use in supporting a conveyor assembly of a portable conveyor system.  The '101 patent was issued on December 30, 2008, and the '231 patent was issued on November 17, 2009.  (Am. Comp. Ex.s A and B.)  Both patents are derived from the '947 patent - which was specifically referenced in the complaint in the prior action.

Thor argues that this lawsuit arises from the same set of facts or series of transactions as the trademark action.  Both cases involve the same products - Thor's Patent-Pending FB Undercarriage Technology and Superior's similar undercarriage technology.  Both cases were prompted by the same October 2007 press releases - which were attached to the complaints in both actions.  Superior relies on the pleadings and the Consent Judgment from the trademark action in this action which further demonstrates that both actions involve the same facts and series of transactions that are related in time, space and origin.  (Am. Comp. ¶ 14.)  Superior described the products at issue by relying on Thor's Answer in

the prior action - which referenced the October 2007 press release and Thor's

Patent Application.

Thor further argues that both actions are a convenient trial unit.  Superior

is represented by the same counsel, who specialize in intellectual property

matters.  Both cases involve the same parties and products and both cases

implicate intellectual property rights.

Finally, Thor argues that Superior was on notice of the Patent-Pending FB

Undercarriage Technology as of June 2009 - nearly two months before the

trademark action was filed as evidenced by the fact that Superior attached to the

Amended Complaint correspondence from Thor's prior counsel.  (Am. Comp. Ex.

E.)  This correspondence was in response to a June 11, 2009 letter from Superior's

counsel, and in which Thor's counsel confirmed that Thor had been using the

term "fully-braced" or "FB" to describe the supporting structure of its

undercarriage system.  Thus, Superior had knowledge of the technology and

products at issue in this action, when it filed the trademark action in 2009.

Based on the above, Thor asserts that Superior was required to assert any

and all claims related to its intellectual property rights arising from its Braced

Telescoping Support Strut and System when it filed the first action in 2009.

Allowing Superior to proceed would impermissibly "twice vex" Thor for exactly the same purported sales of exactly the same products that were at issue in the trademark action.

Superior argues that res judicata does not bar this action because patent and trademark causes of action are not the same. A trademark infringement claim is based on a valid registered trademark, the defendant's unauthorized use of such mark in commerce and whether defendant's conduct is likely to cause confusion, mistake or to deceive. By contrast, a patent claim is based on the existence of a patent held by plaintiff, plaintiff's belief that defendant has infringed the patent without permission and the act of making, using, offering to sell, selling or importing the patented invention. Thus, it is clear that the focus of a trademark claim is on words or symbols that need only be used in connection with advertising or promoting a good, as opposed to the goods per se, whereas the focus of a patent claim is on the goods per se, not the labels used in connection with such good.

Superior thus argues the record in the trademark case has no finding related to the critical element of a patent claim - whether the claims read on the accused device. The difference in the transactional facts of the two causes of

action demonstrate that res judicata does not bar this action.  No judicial

resources have been expended on the patent questions presented here.

As noted above, however, whether a claim is barred under res judicata

does not depend on whether the two claims involve different legal theories or

areas of law.  Banks, 390 F.3d at 1053.  See also, Mills v. Des Arc, 872 F.2d 823,

826-27 (8th Cir. 1989) (Title VII employment discrimination claim precluded

subsequent Section 1983 claim); Black v. North Panola, 461 F.3d 584, 598 (5th Cir.

2006) (negligence lawsuit barred later lawsuit alleging Section 1983, ADA, Civil

Rights Act and the federal Rehabilitation Act); Kinnison v. Humana Health Plan,

2008 WL 2446051 (S.D. Tex. June 17, 2008) (lawsuit asserting negligence, fraud,

breach of contract barred later lawsuit alleging ERISA and breach of fiduciary

duty).  The Court must focus on the operative facts and whether Superior could

have brought the patent claims in the prior action.

The Court finds that both lawsuits arise from the same nucleus of operative

facts - Thor's offering for sale its FB undercarriage technology in the United

States.  Both the trademark claims and the patent claims arise from and are based

on the October 2007 press releases issued by Thor describing its "Patent-Pending

FB Undercarriage Technology" and the point of sale displays allegedly

12

distributed by Thor to dealers throughout the United States.  Accordingly, the

same technology and the same accused products are involved in both actions.

Under these circumstances, the Court agrees that the trademark and patent

claims would have formed a convenient trial unit.

In addition, Superior could have easily asserted the patent infringement

claim concerning the '101 patent when the trademark action was filed in August

2009.  As noted, both the '947 patent and the '101 patent had issued prior to the

commencement of the trademark action.  Further, Superior referenced the '947

patent in the trademark action, which demonstrates Superior's belief that such

patent had relevance to its trademark rights.

The only reason the earlier suit did not contain patent allegations is

because Superior chose not to make them.  Superior cannot avoid claim

preclusion by choosing to omit its then-available patent claims when it brought

the earlier action.  Further, Superior cannot use "admissions" by Thor in the

trademark action to support its patent claims.

The same is not true with respect to the '231 patent infringement claim.

The '231 patent did not issue until November 2009 - over three months after the

trademark action was filed.  Because a party is not required to amend pleadings

with an after-acquired claim, res judicata does not bar the patent infringement

claims arising under the '231 patent.  Baker Group, 228 F.3d at 886; Florida Power

& Light Co. v. United States, 198 F.3d 1358, 1360 (Fed. Cir. 1999).

## III.    FAILURE TO STATE A CLAIM

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may

move the Court to dismiss a claim if, on the pleadings, a party has failed to state a

claim upon which relief may be granted.  In reviewing a motion to dismiss, the

Court takes all facts alleged in the complaint to be true.  Zutz v. Nelson, 601 F.3d

842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to state a claim to relief that is
> plausible on its face.  Thus, although a complaint need not include
> detailed factual allegations, a plaintiff's obligation to provide the
> grounds of his entitlement to relief requires more than labels and
> conclusions, and a formulaic recitation of the elements of a cause of
> action will not do.

Id. (citations omitted).

The law is well settled that the essence of patent law is the right to exclude

others from making, selling or using a patented product.  Dawson Chem. v.

Rohm & Haas, 448 U.S. 176, 215 (1980).  There is no requirement that a patent

applicant make, use or sell the invention sought to be patented.  King

14

Instruments v. Perego, 65 F.3d 941 (Fed. Cir. 1995).  With this in mind, Thor

asserts that Superior has failed to plead that Thor makes, uses, sells or offers to

sell a product that infringes the '231 patent.

      As noted above, the '231 patent issued on November 17, 2009.  In the

"Preliminary Allegations" section of the Amended Complaint, Superior alleged

that Thor "admitted" selling a Patent-Pending FB Undercarriage Technology in

the United States in its Answer filed in the prior action, with the following "Thor

Global . . . affirmatively states that it did "mark" its conveyor systems and/or

related undercarriage systems with the mark "FB" in multiple sales offerings to

customers, dealers and distributors in the United States, and sold such goods into

commerce in the United States . . . " (Civil No. 09-2035, Answer [Doc. No. 4] ¶

16.)  Thor's Answer was filed on August 25, 2009, months prior to the issuance of

the '231 patent.  An "admission" made prior to the issuance of a patent is not a

sufficient allegation that Thor infringed and continued to infringe the '231 patent.

See 35 U.S.C. § 271 ("whoever without authority makes, uses, offers to sell, or

sells *any patented invention*, within the United States or imports into the United

States any patented invention during the term of the patent therefor, infringes the

patent.") (emphasis added)

Furthermore, Superior's allegation that in April and May 2010, Thor provided evasive responses and conclusory opinions as to whether Thor was selling a product in the United States that infringed Superior's patent, is not a sufficient allegation that Thor did, in fact, sell an infringing product in the United States.  Because Superior has failed to include any factual allegations to support its claim that Thor has infringed and continues to infringe the '231 patent, the Amended Complaint fails to state a patent claim under 35 U.S.C. § 271.

**IT IS HEREBY ORDERED** that Defendant Thor Global Enterprises Ltd.'s Motion to Dismiss the Amended Complaint [Doc. No. 34] is **GRANTED**.  This matter is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY**


Date:   July 22, 2011



s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court

16